UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH GUY JUENEMANN, JR.,

       Petitioner,

                                   Civil No: 03-75057
                                   Honorable Avern Cohn

v.

KURT JONES, Warden of Carson
City Correctional Facilities,

       Respondent.
_____/

**ORDER DISMISSING PETITION FOR FAILURE TO EXHAUST AND
DENYING MOTION FOR EXPEDITED CONSIDERATION AS MOOT**

I.  Introduction

This is a habeas case under 28 U.S.C. §2254. Joseph Guy Juenemann
(hereinafter, "Petitioner"), through counsel, filed an application for a writ of habeas
corpus claiming that he is incarcerated in violation of his constitutional rights.  Petitioner
is serving a life sentence for his conviction of first degree murder.  Respondent filed a
motion for summary judgment or to dismiss on the grounds that petitioner has not
exhausted his state court remedies.  For the reasons that follow, the petition will be
dismissed without prejudice for failure to exhaust.

II.  Background

Petitioner was convicted in Montmorency County Circuit Court in Atlanta,
Michigan of  first degree premeditated murder in violation of M.C.L. §750.316(1)(a).
The trial court sentenced Petitioner on May 21, 1999 to life imprisonment.  In an appeal

of right, Petitioner alleged that: (1) the trial court committed reversible error by delivering to the jury two inconsistent limiting instructions regarding their use of evidence of prior threats made by the defendant against the victim; (2) the trial court should have directed a verdict of not guilty at the conclusion of the people's case because the first element of the charge - that the defendant caused the death of the victim - was not proven beyond a reasonable doubt; and (3) the trial court abused its discretion by admitting the threat evidence for any purpose given its remoteness and the likelihood it would be used to satisfy the first element otherwise unproven.  The Michigan Court of Appeals affirmed Petitioner conviction in an unpublished order. People v. Juenemann, 2002 WL 343610, Mich. Ct. App. No. 221047 (per curiam) (March 1, 2002).  The Michigan Supreme Court denied leave to appeal.  People v. Juenemann,  467 Mich. 924; 656 N.W.2d 521 (Table).

On December 17, 2003, Petitioner filed the instant petition, claiming that he was denied a fair trial in violation of due process as a result of an erroneous jury instruction.

III.  Discussion

A.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C.  § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004)(quoting Picard v. Connor, 404 U.S. 270, 275 (1971).  State prisoners in Michigan are required to present their claims to the Michigan Court of Appeals and to the Michigan Supreme Court before raising their claims in a

2

federal habeas corpus petition so that the court will be alerted to the federal nature of the claim. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Dombkowski v. Johnson, 488 F.2d 68, 70 (6th Cir. 1973). It is not enough that all the facts necessary to support the federal claim were before the state court, or that a somewhat similar state-law claim was made. Picard v. Conner, 404 U.S. at 277. In order to fairly present a constitutional argument to the state courts, "more than the use of a generalized catch-all phrase (i.e.,deprivation of a fair trial under the United States Constitution) is required to apprise the state courts of the constitutional theory to be relied upon at appellate review. Franklin v. Rose, 811 F.2d 322, 326 (6th Cir. 1987).

There are four factors which a court can evaluate in order to determine whether a petitioner's claim has been "fairly represented." First, it must be determined whether the petitioner relied upon federal cases employing a constitutional analysis within the habeas petition. Whiting v. Burt, 395 F.3d 602, 613 (6th Cir. 2005). Second, the Court considers whether the petitioner relied upon state cases employing a federal constitutional analysis. Id. Third, a determination needs to be made about whether the petitioner phrased the habeas claim in terms of constitutional law or in terms sufficiently particular to allege denial of a specific constitutional right. Id. Finally, whether facts were alleged within the mainstream of constitutional law is the last factor a court can review in order to determine if the petitioner has exhausted the available state remedies. Id.

B.

Here, Petitioner claims that the trial court erred when it charged the jury with conflicting jury instructions. Respondent says that although Petitioner raised the factual

issue of conflicting and limiting jury instructions at the state court levels, the constitutional issue presently before the Court in Petitioner's request for habeas relief was not presented to all of the state courts.

In Petitioner's Michigan Court of Appeals' brief, the issue was phrased as follows: "[t]he trial judge committed reversible error by offering the jury inconsistent limiting instructions regarding their use of the threat evidence." Petitioner did not cite any federal cases in its appellate analysis, nor did the state cases that were cited employ any federal constitutional analysis. Petitioner did not phrase his claim in terms of a constitutional violation, nor was it alleged within the mainstream of constitutional law.

In Petitioner's brief to the Michigan Supreme Court, the jury instruction issue was divided into four subsections, one of which made a brief reference to the constitution: "the trial court's improper charge to the jury is a constitutional error requiring the reversal unless it was harmless beyond a reasonable doubt." Petitioner cited two United States Supreme Court cases and went on to argue that this alleged instructional error rose to a level of "constitutional magnitude." This is not sufficient exhaustion.

Petitioner fails to provide any details regarding the legal substance of this constitutional charge. It is not until Petitioner's habeas petition where there is any discussion about his right to a fair trial being violated and his alleged denial of due process under the constitution.

Moreover, even if Petitioner's constitutional claim was sufficiently pled before the Michigan Supreme Court for purposes of exhaustion, his claim is still not exhausted. The Supreme Court has held that state courts must have a "full" opportunity to address Since the Petitioner failed to present his fair trial and due process claims to the

4

Michigan Court of Appeals, Petitioner did not complete a round in the appellate review process. Accordingly, Petitioner's first habeas claim has not been exhausted.

IV.  Conclusion

For the reasons stated above, the petition is DISMISSED WITHOUT PREJUDICE.

The Court advises Petitioner to diligently return to state court to pursue his state remedies by filing a motion for relief from judgment in the trial court, see Subchapter 6.500 of the Michigan Court Rules and, if unsuccessful, to return to federal court promptly after exhausting his claim.

Petitioner also filed a Motion for Expedited Consideration requesting that his habeas petition be advanced on the Court's docket for prompt consideration. Because the Court has a determination relative to Petitioner's habeas petition, this motion is DENIED AS MOOT.

**SO ORDERED**.


Dated:  September 23, 2005                     s/Avern Cohn
                                        AVERN COHN
                                        UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 23, 2005, by electronic and/or ordinary mail.

                                         s/Julie Owens
                                        Case Manager
                                        (313) 234-5160

5